UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH LAUFER | : |
| Plaintiff, | : |
| v. | : Case No.: 3:20-cv-447 (JCH) |
| GREENWICH HARBOR (DEL) LLC, | : |
| Defendant. | : |

**ANSWER TO AMENDED COMPLAINT**

Defendants, GREENWICH HARBOR (DEL) LLC, by and through its attorneys, Gilbride, Tusa, Last & Spellane, LLC, by way of Answer to the Amended Complaint (the "Complaint"), allege as follows

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Defendant owns the real property located in Fairfield County ("Property"), and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and

respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

20. Denies each and every allegation contained in Paragraph 20 of the Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

**WHEREFORE**

a. Defendants deny that Plaintiff is entitled to any relief in their request denoted "a" and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

b. Defendants deny that Plaintiff is entitled to any relief in their request denoted "b" and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

c. Defendants deny that Plaintiff is entitled to any relief in their request denoted "c" and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

d. Defendants deny that Plaintiff is entitled to any relief in their request denoted "d" and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

### FIRST AFFIRMATIVE DEFENSE

21. Plaintiff lacks standing under Article III of the US Constitution to bring this action because there is no case or controversy now or in the future.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred, in whole or in party, by the doctrine of mootness.

### THIRD AFFIRMATIVE DEFENSE

23. Plaintiff failed to assert a valid claim upon which relief may be granted against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

24. The monetary relief sought by Plaintiff in the Complaint via a Federal action is barred pursuant to ADA and Federal case laws.

### FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's alleged damages were caused by herself or other third parties for whom Defendants were not responsible.

### SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims for injunctive relief are barred as a result of then existing adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred because if the facilities identified in the Complaint are not in compliance with ADA, which is expressly denied, then the remedial work would be technically not feasible, not readily achievable, and/or cause Defendants undue hardship.

### EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred because if the facilities identified in the Complaint are not in compliance with ADA, which is expressly denied, no remedial work could be conducted without fundamentally altering the nature of the services and facilities being provided.

### NINTH AFFIRMATIVE DEFENSE

29. Indispensable party defendants have not been joined in this action because the purported violations include the online reservations system that are the responsibility of another entity or entities, and they have not been joined in this action.

### TENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, precluded, or limited by the doctrine of unclean hands because Plaintiff has refused reasonable and appropriate measures which have permitted Plaintiff the same access as that provided to the general public.

## ELEVENTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of the hotel at issue and, if she visited the hotel, she visited solely for purposes of initiating the instant litigation.

## TWELTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are, in whole or in part, barred when Plaintiff failed to comply with the pre-litigation requirements pursuant to applicable laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, precluded, or limited by the doctrine of laches because Plaintiff has unreasonably delayed her bringing of this action without good cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff seeks overlapping and duplicative recovery based on the same underlying facts.

## FIFTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred because Plaintiff failed to provide advanced notices requesting any adaptations, modifications, alternative services or other changes to the facilities prior to initiating this lawsuit, thus depriving Defendant the right to cure as a matter of due process.

### SIXTEENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred because there is alternative ADA compliant services available to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred to the extent that federal, state, or local laws, including but not limited to zoning and landmark ordinances, prohibit the physical modifications sought.

### NINETEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred to the extent that Defendant relied on the directions and directives of state and/or local permitting authorities regarding the facilities identified in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

40. Defendant reserves the right to assert additional affirmative defenses as such additional defenses become known through investigation, discovery or otherwise.

WHEREFORE GREENWICH HARBOR (DEL) LLC, respectfully requests a judgment as follows:

1. Dismissing the Plaintiff's Complaint with prejudice in its entirety;

2. Awarding Defendant's costs and disbursement and reasonable attorney's fees; and

3. Granting such other and further relief as the Court may deem just and proper.

Dated: Greenwich, Connecticut
 July 28, 2020

                         Respectfully submitted,

                         THE DEFENDANT,
                         GREENWICH HARBOR (DEL) LLC

                         /s/ John P. Tesei
                         By: _____
                         John P. Tesei, Esq
                         Gilbride, Tusa, Last, & Spellane, LLC
                         31 Brookside Drive
                         Greenwich, CT 06830
                         Telephone: 203-622-9360
                         Facsimile: 203-622-9392
                         E-mail: jpt@gtlslaw.com
                         Federal Bar No.: CT1487

CERTIFICATE OF SERVICE

I hereby certify that on the 28TH day of July, 2020, a copy of the foregoing Answer to Amended Complaint was filed electronically and served on all counsel of record via the Court's CM/ECF system.

                                                  Gilbride, Tusa, Last, & Spellane, LLC

                                                  /s/ John P. Tesei
                                              By: _____
                                              John P. Tesei, Esq
                                              31 Brookside Drive
                                              Greenwich, CT 06830
                                              Telephone: 203-622-9360
                                              Facsimile: 203-622-9392
                                              E-mail: jpt@gtlslaw.com
                                              Federal Bar No.: CT1487